99    237
104    500

## NETTIE L. JOY *vs.* INHABITANTS OF YORK.

### York.    Opinion November 14, 1904.

*Way.    Notice of claim.    Evidence.    R. S. 1903, c. 23, § 76.*

1. The statute, R. S., ch. 23, § 76, provides that a party injured by a defect in a way cannot recover of a town unless he shall, within fourteen days thereafter, notify one of the municipal officers of the town by letter or otherwise, in writing, setting forth his claim for damages, and specifying the nature of his injuries.

2. A notice is sufficient which describes the nature of the injury with sufficient particularity to enable the town to inquire into and ascertain the true condition of the sufferer.

3. But the injured party, in his notice, must specify such injuries as he knows of, and for which he claims damages. If he can do no more, he must state the apparent physical condition caused by the injury, and he may do this by comprehensive terms. If he does so, it is notice of such results as actually follow from the injury.

4. In a case where such notice in writing described the injury as "said injury consists of a fracture of both wrists," and the claim for damages was stated in these words,—"I claim five hundred dollars damages against said town for my injuries above specified;" *held:*—

That it was error to permit the jury to allow the plaintiff damages for an injury to her shoulder.

Motion and exceptions by defendant.    Exceptions sustained.

Action on the case for personal injury arising from an alleged defective highway. Plaintiff in her notice to the selectmen of York, dated July 15, 1902, claimed to be entitled to damages for certain injuries therein described. Nothing was said in her notice about

injury to the right shoulder. Evidence was offered showing that she suffered injury to that shoulder and also that both wrists were broken. Defendant requested the presiding justice to charge the jury "that plaintiff can only recover damages arising from such injuries as are specified in her notice to the town dated July 15, 1902." This instruction was refused.

The jury rendered a verdict for plaintiff for $275.

Further facts appear in the opinion.

*William S. Pierce,* for plaintiff.

The plaintiff did testify, without objection, that she injured her shoulder in this accident and it has since caused her considerable pain and suffering.

We submit that it is not at all surprising or remarkable, that in view of all her other injuries sustained, their character and extent, the pain accompanying her two fractured wrists, that she should overlook, up to the time of giving her notice, the development of the shoulder trouble which grew into prominence only as the violence of her greater injuries began to subside, and that too late to incorporate into a notice of injury within the time limited by the statute.

ₗWe say that she had a right to testify to this injury to her shoulder and of the inconvenience and suffering to her caused thereby and to have it considered by the jury as an element of damage. *Blackington* v. *Rockland,* 66 Maine, 332 at 334a; *Bradbury* v. *Benton,* 69 Maine, 194 at 197; *Rogers* v. *Shirley,* 74 Maine, 144 at 150; *Wadleigh* v. *Mt. Vernon,* 75 Maine, 79 at 81-82; *Low* v. *Windham,* 75 Maine, 113 at 116c.

Though the act of 1877 has materially changed the nature of a statutory notice of injury and claims for damages against a town from that required by the act of 1874, yet the matter of specifying the nature of the injury remains the same, except that now greater latitude should be shown to the plaintiff in that regard for the reason that the time was shortened to fourteen days, thereby frequently rendering it impossible to tell in so short a time all the injuries that are sustained or that may develop from the accident. *Wadleigh* v. *Mt. Vernon,* 75 Maine, 79 at 81.

*John C. Stewart*, for defendant.

At the trial of the case defendants requested the presiding justice to instruct the jury "that plaintiff can only recover damages arising from such injuries as are specified in her notice to the town dated July 15, 1902." This instruction was refused. It should have been given. If parties are required to give notice "specifying the nature of his injuries" it is for the purpose of notifying the town for what injuries he claims damage. *Wadleigh* v. *Mount Vernon*, 75 Maine, 79.

In this case the notice stated that he had been "violently shaken up and jarred in his fall to the ground"—The court said, "the declaration is comprehensive enough to warrant the introduction of proof of any bodily injury resulting from "such shaking and jarring." Not so here. The injuries alleged are specific. See also *Blackington* v. *Rockland*, 66 Maine, 332; *Goodwin* v. *Gardiner*, 84 Maine, 278; *Lord* v. *Saco*, 87 Maine, 231.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SAVAGE, J. Action for injuries alleged to have been sustained by a defect in a way. The plaintiff seasonably gave a written notice of her injury to the municipal officers of the defendant town, in which she described the injury as follows: "Said injury consists of a fracture of both wrists." And in the notice the claim for damages was stated in these words, — "I claim five hundred dollars damages against said town of York for my injuries above specified." At the trial evidence was offered, and admitted without objection, showing that plaintiff suffered injury to her shoulder; also that both wrists were broken. The defendant requested the presiding justice to charge the jury "that the plaintiff can only recover damages arising from such injuries as are specified in her notice to the town." This instruction was refused, and exceptions were taken.

The statute, R. S., ch. 23, § 76, provides that a party injured by a defect in a way cannot recover of a town unless he shall "within fourteen days thereafter notify one of the municipal officers of the town by letter or otherwise, in writing, setting forth his claim for

damages and specifying the nature of his injuries." This clause of the statute has been several times under consideration by the court, and it has been held that such a notice is not to be very strictly construed; that the main object of the notice is that the town may have an early opportunity of investigating the condition of the person injured; and that a notice is sufficient which describes the nature of the injury with sufficient particularity to enable the town to inquire into and ascertain the true condition of the sufferer. *Blackington* v. *Rockland,* 66 Maine, 332. This case, which is much relied upon by the plaintiff, arose under the act of 1874, chapter 215, which required notice to be given "specifying the nature of the injuries," but did not require the notice to be in writing. The notice was given in the form of a bill "for damages of one thousand dollars to horse." And the notice was held good. The plaintiff here contends that the notice in question was sufficient to put the town upon inquiry as to all the injuries sustained by her, including the injury to her shoulder.

But the case of *Blackington* v. *Rockland* has since been greatly limited, if not in effect overruled. In the subsequent case of *Goodwin* v. *Gardiner,* 84 Maine, 278, the notice was of personal injuries to the plaintiff, which were described as "severe bodily injuries," and not otherwise. And in that case the court, speaking by Peters, Chief Justice, who drew the opinion in *Blackington* v. *Rockland,* said of the latter case, "that was a close case, and the rule then established should not be extended beyond the point decided. In that case the statement that 'my horse was injured' at a certain time and place in Rockland, was held to be a sufficient description of the nature of that plaintiff's injury. But the very reasons given for sustaining the sufficiency of that notice illustrate the deficiency of the present notice. A man can tell his own personal sufferings more exactly than he can describe those of a horse. A man can exaggerate, conceal or deceive. A horse cannot.

A man may be able to practice an imposition as to his own personal injury, but would find it difficult to do so in respect to an injury to his horse." And in the case of *Lord* v. *Saco,* 87 Maine, 231, wherein the plaintiff in his notice said his horse "was greatly injured

by reason of the defect," the court said, — "The statute requires not only a specification of the nature and location of the defect which caused the injury, but it also requires a specification of the nature of the injuries. Here again the notice is defective. It states that the horse owned by Albert H. Lord was greatly injured, but it fails utterly to state the nature of his injuries." It is difficult and perhaps impossible to reconcile *Lord* v. *Saco* with *Blackington* v. *Rockland.* If the notice in *Lord* v. *Saco* was bad, it would seem that the notice in *Blackington* v. *Rockland* should have been so held.

The injured party in his notice should specify such injuries as he knows of, for it is only reasonable that he should fairly put the municipal officers in possession of such knowledge as he has. But it is not necessary in such a notice to describe with particularity all of the injuries upon which the plaintiff may rely. It frequently would be impossible to do so within the limited time within which a notice must be given. Unknown and even unexpected results may flow from a personal injury received by one through a defect in a way. But that consideration furnishes no ground for excusing want of notice. The remedy for injuries caused by a defective way is one given by statute alone. The legislature in affording a remedy has hedged it about with conditions, as it had a right to do. One of the conditions precedent to a recovery is the giving of a written notice specifying the nature of the injuries. It is not enough for the injured party to state that he has been injured. *Low* v. *Windham,* 75 Maine, 113. It is not enough to say that he has been greatly injured. *Lord* v. *Saco,* supra. It is not enough to state that he received "severe bodily injuries." *Goodwin* v. *Gardiner,* supra. He must state the *nature* of his injuries. And for injuries the nature of which he has stated he may recover, for others he cannot. The difficulty of specifying his injuries, or the impossibility of knowing the precise results, afford no reason for not specifying as far as he can. If he can do no more, he can state the apparent physical condition caused by the injury, and he may do this by comprehensive terms. If he does this, it is notice of such results as actually follow from the injury. It puts the town upon inquiry as to the condition stated. It gives it all the advantage contemplated by the statute.

The party having given true notice and as particularly as he can of his condition, the town must be prepared to meet the results. It was so held in *Wadleigh* v. *Mt. Vernon,* 75 Maine, 79, where the sufferer had given notice that he had been "seriously injured in the thigh, and internally injured in his right lung, and otherwise injured, by being violently shaken up and jarred in his fall to the ground." Under this notice he was permitted to show an injury to one of the testicles, the court holding that the notice was comprehensive enough to warrant the introduction of proof of any bodily injury resulting from his being "violently shaken up and jarred in his fall to the ground. It is essential therefore that the sufferer in his notice should state the nature of his injuries, and the town is entitled to as particular a notice as can reasonably be given. . *Goodwin* v. *Gardiner,* supra. In that case where the injuries were described as "severe bodily injuries," it was said "it would have been more natural for the plaintiff, if really injured severely, to state how and to what extent the injury affected him, whether upon the head or back, upon his arms or legs, and whether general or particular. The assertion is that he met with injuries, but not one of them is named. No kind of injury is either included or excluded by the notice. One object of the statute requiring notice within fourteen days after the injury is alleged to have been received, is that the injured person shall thus early commit himself to a statement of his condition when he would be more likely to describe it frankly and fairly than at a later period. There is great temptation to magnify and exaggerate such personal injuries."

But while the plaintiff in the case at bar, did set forth the nature of her injuries in one particular, she mentioned no other even by implication. She stated specifically that both of her wrists were broken, but she did not mention her shoulder, or state any condition of things which might indicate an injury to the shoulder, or from which such an injury might result. There is nothing whatever in the notice, which can relate to an injured shoulder. She was specific as far as she went. She designated a particular injury, and it is not competent for her now to prove or recover damages, for an injury the nature of which was not specified. She must be limited by her

notice.  It was error, therefore, to permit the jury to allow her damages for the injury to the shoulder, and the jury should have been instructed in accordance with the defendant's request.  Inasmuch as for this reason the defendant's exceptions must be sustained, and the case must go back for another trial, it is not deemed necessary to consider the motion for a new trial, filed on the ground that the verdict was contrary to the evidence.

*Exceptions sustained.*