### Dora L. Spear vs. City of Westbrook.

### Cumberland.    Opinion December 4, 1908.

*Way.    Defect.    Notice.    Revised Statutes, chapter 23, section 76.*

In relation to the written notice to be given to a town by a person who has received bodily injury through any defect or want of repair in a way which the town is by law obliged to repair, as a condition precedent to his maintaining a suit against the town to recover for such injury, Revised Statutes, chapter 23, section 76, provides that such person or some person in his behalf, shall within fourteen days after the injury notify one of the municipal officers of such town, "by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury." This statutory requirement of the fourteen days notice has never been construed to impose upon the sufferer any unreasonable or burdensome duty. He is only required to give a defendant town the benefit of all the information he possesses relating to the bodily injuries for which he claims damages. He is not compelled to specify or predict the effects and consequences which may or may not flow from such injuries. The results may be neither known nor anticipated the time of preparing the notice. But he may reasonably be required to describe the physical conditions caused by his injuries fully and frankly according to the best of his knowledge and information.

The plaintiff having received a bodily injury through an alleged defect or want of repair in a certain sidewalk in the defendant city, seasonably gave to the mayor and aldermen of the defendant city the following written notice signed by her: "You are hereby notified that on Monday, the fifth day of August nineteen hundred and seven, while walking along Seavey Street in said City, on the sidewalk on the easterly side of the street, and myself being in the exercise of due care, I sustained an injury to my person by falling into a hole in the sidewalk nearly opposite the premises of Albion Senter, badly bruising myself and sustaining other bodily injury of a serious nature. I hereby give notice that it is my intention to hold the city of Westbrook responsible for the injury I have sustained, in damages."

*Held:* That this notice fails to specify upon what part of the body the bruises were received, whether upon the head or back, the arms or legs or to state in what manner and to what extent the bruises affected the plaintiff and therefore fails to specify the nature of her injuries and consequently is fatally defective.

When a person has been injured through any defect or want of repair in a way which a town is obliged to repair, such person can recover damages arising from such injuries as are specified in his notice and for the results

actually flowing from such injuries, although those results may not be anticipated or described in the notice. A sufficient specification of the nature of the injuries themselves is a sufficient notice of the results which actually flow from them.

*Blackington* v. *Rockland*, 66 Maine, 332, in effect overruled in *Lord* v. *Saco*, 87 Maine, 231.

On motion and exceptions by defendant. Exceptions sustained.

Special action on the case brought by the plaintiff in the Superior Court, Cumberland County, against the defendant city to recover damages for personal injuries alleged to have been received by the plaintiff August 5, 1907, through a defect or want of repair in the sidewalk on the easterly side of Seavey Street in the defendant city. Plea, the general issue.

Tried at the April term, 1908, of said Superior Court. During the trial the defendant city excepted to several pro forma rulings made by the presiding Justice. Verdict for plaintiff for $900. The defendant city then filed a general motion for a new trial. The Law Court did not consider the motion but the case was decided on the exceptions.

The case appears in the opinion.

The written notice given by the plaintiff under the provisions of Revised Statutes, chapter 23, section 76, is of the following tenor:

"To the Mayor and Aldermen of the City of Westbrook in the County of Cumberland and State of Maine.

"You are hereby notified that on Monday, the fifth day of August, nineteen hundred and seven, while walking along Seavey Street in said City, on the sidewalk on the easterly side of the street, and myself being in the exercise of due care, I sustained an injury to my person by falling into a hole in the sidewalk nearly opposite the premises of Albion Senter, badly bruising myself and sustaining other bodily injury of a serious nature, I hereby give notice that it is my intention to hold the city of Westbrook responsible for the injury I have sustained, in damages."

"Dated at said Westbrook, this eighth day of August, 1907.

                                                    Dora L. Spear."

*Frank P. Pride*, for plaintiff.
*William Lyons*, for defendant city.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J.   This is an action on the case to recover damages for personal injuries received by the plaintiff on the 5th day of August, 1907, by reason of an alleged defect or want of repair in the sidewalk on the easterly side of Seavey street in the defendant city.

The liability of the town in this class of cases is created solely by statute and among the conditions precedent to the plaintiff's right of recovery prescribed by section 76 of chapter 23, R. S., is the following requirement respecting notice to the town after the injury, namely:   "Any person who sustains injury or damage as aforesaid, or some person in his behalf, shall within fourteen days thereafter notify one of the municipal officers of such town by letter or otherwise, in writing, stating his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury."

In attempting to comply with this requirement of the statute, the plaintiff in this case seasonably gave to the mayor and aldermen of the defendant city the following written notice signed by her:   "You are hereby notified that on Monday, the fifth day of August, nineteen hundred and seven, while walking along Seavey Street in said City, on the sidewalk on the easterly side of the street, and myself being in the exercise of due care, I sustained an injury to my person by falling into a hole in the sidewalk nearly opposite the premises of Albion Senter, badly bruising myself and sustaining other bodily injury of a serious nature.   I hereby give notice that it is my intention to hold the city of Westbrook responsible for the injury I have sustained, in damages."

The defendant's counsel seasonably objected to this notice on the ground of its insufficiency and requested the presiding Justice to give the following instruction, to wit:   "That the statute notice given by the plaintiff to the defendant as required by chapter 23, section 76, of the Revised Statutes, was and is wholly insufficient, in that it wholly fails to specify the nature or kind of her bodily

injuries.alleged by her to be sustained, that it wholly fails to specify whether the injuries, or any of them, were upon her head or back, or upon her arms or legs, and that no part of her head, body or limbs are specified as having been injured, and therefore she cannot recover in this action." ·

The defendant's counsel further requested the court to direct the jury to return a verdict in favor of the defendant. The presiding Justice declined, pro forma, to give either of the requested instructions and the case was thereupon submitted to the jury who returned a verdict for the plaintiff for $900. The case comes to the Law Court on exceptions.

It is the opinion of the court that upon the authority of the previous decisions in this State upon similar notices, the exceptions must be sustained and the notice held insufficient.

In *Goodwin* v. *Gardiner*, 84 Maine, 278, the plaintiff's injuries were described in his notice to the town as "severe bodily injuries," and it was held that this was not a sufficient specification of the "nature of his injuries." In the opinion of the court it is said: "The statute requires more than a bare statement that a bodily injury was received. The nature of the injury must be stated. . . . It would have been more natural for the plaintiff, if really injured severely, to state how and to what extent the injury affected him, whether upon the head or back, upon his arms or legs, and whether general or particular. The assertion is that he met with injuries, and not one of them is named. No kind of injury is either included or excluded by the notice.

One object of the statute requiring notice within fourteen days after an injury is alleged to have been received, is that the injured person shall thus early commit himself to a statement of his condition when he will be more likely to describe it frankly and fairly than at a later period. There is great temptation to magnify and exaggerate such personal injuries, and the town is entitled to as particular a notice as can reasonably be given."

In *Low* v. *Windham*, 75 Maine, 113, the plaintiff's notice was "Of injuries I received in going through the bridge at Great Falls,"

and it was rejected by the court as insufficient because the nature of the bodily injuries was not stated.

In *Lord* v. *Saco*, 87 Maine, 231, the plaintiff's notice stating that his horse was "greatly injured by reason of the defect," was declared to be defective because it "fails utterly to state the nature of his injuries :" thus in effect overruling *Blackington* v. *Rockland*, 66 Maine, 332.

In *Wadleigh* v. *Mt. Vernon*, 75 Maine, 79, the plaintiff stated in his notice that he was "thrown violently from his wagon and seriously injured in the thigh and internally injured in his right lung and otherwise injured by being violently shaken up and jarred in his fall to the ground." The court says in the opinion : "The declaration is comprehensive enough to warrant the introduction of proof of any bodily injury resulting from his "being violently shaken up and jarred in his fall to the ground." It is not necessary to detail all the results thence accruing in the declaration nor in the notice." See also *Joy* v. *York*, 99 Maine, 237, in which the recent decisions of the court upon this question are critically analyzed and compared.

In the case at bar, the language of the plaintiff's notice is "I sustained an injury to my person . . . badly bruising myself and sustaining other bodily injury of a serious nature." As in *Goodwin* v. *Gardiner*, 84 Maine, and *Low* v. *Windham*, 75 Maine, supra, this notice fails to give a sufficient specification of the nature of the plaintiff's injuries. This statutory requirement of the fourteen days notice has never been construed to impose upon the sufferer any unreasonable or burdensome duty. He is only required to give the defendant town the benefit of all the information he possesses relating to the bodily injuries for which he claims damages. He is not compelled to specify or predict the effects and consequences which may or may not flow from such injuries. The results may be neither known nor anticipated at the time of preparing the notice. But he may reasonably be required to describe the physical conditions caused by his injuries fully and frankly according to the best of his knowledge and information. The plaintiff, it is true, states that she was badly bruised, but a bruise is only a bodily

injury without laceration and like other bodily injuries, has the attribute of locality. The notice fails to specify upon what part of the body the bruises were received, whether upon the head or back, the arms or legs or to state in what manner and to what extent the bruises affected her. The severity and critical nature of an injury obviously depend largely upon its locality, and it is important for the municipal officers to be informed whether the bruises are upon a vital or other less vulnerable part of the body. She could not be expected to anticipate nor reasonably be required to specify in her notice that she would suffer from "traumatic neurasthenia" or nervous prostration, as the result of her bruises and injuries, but it would not have been difficult for her to state upon what part of her body the bruises and injuries were received. The sufferer can recover damages arising from such injuries as are thus specified in his notice and for the results actually flowing from such injuries, although those results may not be anticipated or described in the notice. A sufficient specification of the nature of the injuries themselves is a sufficient notice of the results which actually flow from them. The fatal defect in the plaintiff's notice is its failure to specify the nature of her injuries.

*Exceptions sustained.*