EMILY HOOGE, Widow of John Hooge, Deceased, Appellant, v. CITY OF MILNOR, in Sargent County, North Dakota, Respondent.

(217 N. W. 163.)

**Municipal corporations — claims against cities — statute must be strictly construed.**

1. Section 3627 of the Compiled Laws of 1913, requiring notice of claim for damages sought to be recovered from cities, must be strictly construed so far as concerns the necessity for such notice.

**Municipal corporations — must be substantial compliance with statute in contents of notice of claim.**

2. The sufficiency of a notice given under § 3627 of the Compiled Laws of 1913 being a remedial. matter, the statutory provisions concerning its contents should be liberally construed, but there must be a substantial compliance.

**Municipal corporations — in instant case notice held to constitute "death claim."**

3. Section 3627 of the Compiled Laws of 1913 requires that notice of claims against cities must describe the time, place, cause and extent of the damages or injury and the amount of damages claimed therefor. It is held that a notice which advises a city of the time, place and cause of an injury and that "as a result thereof the deceased suffered very great injuries from which" two days later he died, that the death was caused by the fall previously described, that the amount of damages claimed is five thousand dollars, and that the deceased suffered both internal and external injuries, constitutes a death claim and is a substantial compliance with the statute.

**Municipal corporations — sufficiency of notice not decided.**

4. Cases arising under statutes requiring the nature of the injuries to be stated or described are distinguished, and the sufficiency of such a notice as a basis for a claim for personal injuries is not decided.

---

Note.—(3) On applicability of statute requiring notice of claim as affected by conditions causing injury, see annotation in 10 A.L.R. 249.

**Municipal corporations — death from injuries — notice may be given within thirty days.**

5. The provisions of § 3627 of the Compiled Laws of 1913, to the effect that in case it appears by the affidavit of a reputable physician that the persons injured was mentally incapable of making a statement during the time provided for giving notice, that such statement may be made within thirty days after the complainant becomes competent to make the same and in case of the death of the person injured prior to his becoming competent, by a person having knowledge of the facts, reasonably construed, gives thirty days within which an injured person may file a claim, which period may be extended by reason of mental incapacity, and in case of the death of the injured person, caused by his injuries, within the first thirty-day period, the notice may be given within thirty days thereafter by any person having knowledge of the facts.

**Municipal corporations — notice of claim sent by registered mail to city auditor held compliance.**

6. Receipt of notice of claim by the city auditor which had been sent by registered mail is a compliance with that provision of § 3627 of the Compiled Laws of 1913 which requires the notice to be "filed in the office of the city auditor."

.Opinion filed December 29, 1927.

Municipal Corporations, 43 C. J. § 1957 p. 1186 n. 39; § 1961 p. 1192 n. 7; § 1962 p. 1192 n. 15; p. 1193 n. 18, 22; § 1978 p. 1210 n. 54.

Appeal from the District Court of Sargent County, *McKenna,* J. Reversed and remanded.

*Lauder & Lauder* and *Purcell & Heder,* for appellant.

"Reasonable certainty is all that is required. The notice should point out as directly and plainly to the place of the injury as is reasonably practicable, having regard to its character and surroundings. White v. Stowe, 54 Vt. 510. The statute requires that notice shall be given 'describing the time, place, cause and extent of the damage or injury.' . . . The object to be obtained by the notice is to give to the city an opportunity to investigate as to its liability and as to plaintiff's injury." Plum v. Fond du Lac, 51 Wis. 393, 8 N. W. 283.

"A claim for 'severe and permanent injury to my head and body' is a sufficient description as to the extent of an injury to permit evidence of an injury to an eye." Place v. Yonkers, 60 N. Y. Supp. 171.

"Substantial compliance with the statutory requirements as to the

formal statement and itemization of claims is a condition precedent to their allowance." 28 Cyc. 1749.

"A substantial compliance with the statute is sufficient." Langeley v. Augusta, 118 Ga. 590, 98 Am. St. Rep. 123.

"The city auditor is the official representative of the city council for the purpose of receiving claims against the city, including claims for personal injuries." Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

*H. B. Thompson* and *Divet, Shure, Murphy & Thorpe,* for respondent.

"That the statute requiring that the notice state the place of the injury is mandatory and that compliance therewith is a condition precedent to the maintenance of an action, has often been held. . . . Parol evidence is not admissible to supply a legal requirement of the written notice." Trost v. City, 8 N. D. 534, 79 N. W. 1071; Underhill v. Town, 46 Vt. 771.

"There is a wide distinction between 'damage' and 'injury.' They bear the same relation to each other as cause and effect and 'injury' in its legal sense, is misconduct and 'damage' is the legal term applied to the loss resulting." Carroll v. Township, 13 N. D. 458, 101 N. W. 894.

"In a popular sense the word 'injury' has numerous and comprehensive, popular meanings." Crapo v. City (N. Y.) 76 N. E. 465; 32 C. J. 515.

"The 'injury' to the person mentioned in the provisions has been construed to mean a bodily injury or damage of a physical character and no other." Billingsley v. City (Ark.) 120 Am. St. Rep. 95.

"When parol evidence is required to determine both the place and nature of the defect, a reasonable notice has not been given to the city." Barabue v. City (Mich.) 110 N. W. 512.

"The object to be obtained by the notice is to give the city an opportunity to investigate as to its liability and as to plaintiff's injury." Johnson v. City, 15 N. D. 525, 108 N. W. 243.

BIRDZELL, Ch. J. This is an action by the widow of a deceased person to recover damages from the city of Milnor on account of alleged negligence in maintaining a sidewalk, on account of which the deceased

fell and sustained injuries from which he died about two days later. Upon the trial objection was made and sustained to the introduction in evidence of the notice of claim. A verdict for the defendant was directed upon which judgment of dismissal was entered. The appeal is from the judgment and the sole question for consideration here is the correctness of the ruling of the trial court excluding the notice of claim. The notice was in two parts and (omitting verification) reads as follows:

The City of Milnor, North Dakota,
          To
     The Heirs at Law of John Hooge, Deceased, Dr.

For damages resulting from the death of John Hooge, on the 19th day of December, 1925, which death was caused by an accident caused by the defective, unsafe and dangerous condition of the side walk on one of the streets of the said City of Milnor, the facts of such accident appearing in the affidavit of Clarence Hooge hereunto attached and made a part of this claim; that no part of said claim has been paid, $5,000.00

State of North Dakota,   ⎰
County of Richland.      ⎱ ss.:

Clarence Hooge, being first duly sworn, deposes and says that the foregoing bill is just, true and correct and that the same has not been paid, or any part thereof, and that the said City of Milnor is now justly indebted to the Heirs at Law of the said John Hooge in the said sum of five thousand dollars.

                                        Clarence Hooge.

State of North Dakota,   ⎰
County of Richland.      ⎱ ss.:

Clarence Hooge, being first duly sworn, on his oath deposes and says that he is the son of John Hooge, now deceased, who resided at the time of his death in the city of Milnor in the County of Sargent and State of North Dakota; that the said John Hooge died on the 19th day of December, 1925, at his home in the said City of Milnor in said county and state. That on the 17th day of December, 1925, the said deceased met with a severe accident while walking upon the side walk in front of Lot 12 in Block 4 Swenson's Addition to the said City of

Milnor, North Dakota; that said accident was caused by the defective, unsafe and dangerous condition of the said side walk as follows: That at said time there was a deep and wide crack in the said side walk at the place of said accident; that because of said crack in said side walk a part of the walk was thrust upward to the extent of three or four inches, and that while the said deceased was walking as aforesaid upon said side walk as aforesaid he struck the part of the said side walk that had been raised and the deceased was thereby thrown to the said walk, and as a result thereof the deceased suffered very great injuries from which, on the 19th day of December, 1925, he died; that the death of the deceased was caused by the said fall upon the side walk caused as aforesaid. That the amount of damage claimed by reason of the said accident is five thousand dollars; that the said claim is made by the heirs at law of the said deceased; that by reason of the facts aforesaid the deceased suffered both internal and external injuries.

Affiant further says that he has actual personal knowledge of the facts hereinbefore stated concerning the accident to the said deceased, and the fact of his death caused by such injuries.

Affiant further says that no part of the damages resulting from the injuries aforesaid to the said deceased have been paid.

Clarence Hooge.

Objections were made on the ground of the insufficiency of the notice under §§ 3627 and 3628, Compiled Laws of 1913, various grounds of insufficiency being specified, some of which were overruled. For the present these will be passed over and attention will be directed to the principal ground upon which objection was sustained. After describing the character and location of the defect and the manner in which the deceased came in contact therewith, the notice reads: "and as a result thereof the deceased suffered very great injuries from which, on the 19th day of December, 1925, he died; that the death of the deceased was caused by the said fall upon the side walk caused as aforesaid. That the amount of damage claimed by reason of the said accident is five thousand dollars; . . . that by reason of the facts aforesaid the deceased suffered both internal and external injuries." The trial court held this not to be a sufficient compliance with the statute in its requirement that the notice should state the "extent of the damages or

56 N. Dak.—19.

injury, and the amount of damages claimed therefor." Comp. Laws 1913, § 3627. The statute reads: "All claims against cities for damages or injuries alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, crosswalk, sidewalk, culvert or bridge of any city, or from the negligence of city authorities in respect to any such street, crosswalk, sidewalk, culvert or bridge shall, within thirty days from the happening of such injury, be filed in the office of the city auditor, signed and properly verified by the claimant, describing the time, place, cause and extent of the damages or injury, and the amount of damages claimed therefor, and upon the trial of an action for the recovery of damages by reason of such injury, the claimant shall not be permitted to prove any different time, place, cause or manner or extent of the injury complained of, or any greater amount of damages. In case it appears by the affidavit of a reputable physician which shall be prima facie evidence of the fact that the person injured was, by the injury complained of, rendered mentally incapable of making such statement during the time herein provided, such statement may be made within thirty days after such complainant becomes competent to make the same, but such affidavit may be controverted on the trial of an action for such damages, and in case of the death of the person injured prior to his becoming competent to make such statement, the same may be made within thirty days after his death, by any person having knowledge of the facts, and the person making such statement shall set forth therein specifically the facts relating to such injury as aforesaid, of which he has personal knowledge, and shall positively verify such statement and shall verify the facts therein stated of which he has no personal knowledge, to the best of his knowledge, information and belief."

This is followed by a section which provides that no action shall be maintained against a city unless the claim was filed in the office of the city auditor with a verified abstract of the facts out of which the cause of action arose, and by another section limiting the period for bringing such suits to six months after the filing of the claim.

The respondent maintains that the notice is insufficient because it fails to specify the character and location of the injuries alleged to have been sustained by the deceased which, it is claimed, resulted in his death, and that the notice is not aided in this respect by the state-

ment that he died from the bodily injuries sustained; that the death is merely the result of the injuries and does not supply the fact which the statute requires the notice to state, namely, the extent of the injury; and that the extent of the injury within the statute cannot be stated without the use of descriptive words relative to the location and character of the bodily impairment.

Charter provisions, such as those contained in the above statute, are said to be in derogation of common right and they are therefore to be strictly construed "so far as concerns the necessity for such notice." 43 C. J. 1186. Without doubt the legislature may properly provide for the protection of municipal corporations from the consequences of damage suits arising out of claims which they shall not have had ample opportunity to investigate; but where they have had such an opportunity, through a notice given, the sufficiency of the notice under the statute requiring it is a remedial matter, and the statutory provisions concerning the contents of the notice should be liberally construed. 43 C. J. 1186, § 1957. But there must be a substantial compliance with the statute. 43 C. J. § 1962; 4 Dill. Mun. Corp. 5th ed. § 1613. It will be noticed that the statute in question, unlike the statutes in some jurisdictions from which counsel have cited authorities, does not in terms require the nature of the injuries to be stated. It requires simply that the extent of the damages or injury be stated. The statute does not lay down a rule of pleading nor submit a test by which to determine the appropriateness of contents for a bill of particulars. It is a statute designed to guide the conduct of a layman who in good faith desires to present a claim against a municipality and who knows that it must be presented in such a manner as to give the municipal officers ample opportunity to investigate the facts preparatory to a final audit. Such a one reading the statute and knowing or believing that the injured person had died of his injuries would readily conclude that a statement to the effect that the deceased had received great bodily injuries or internal injuries from which he died had fully stated the *extent* of the injuries. Such a conclusion is all the more reasonable in view of the language of the statute immediately following that requiring the extent of the injury to be stated wherein the claimant is precluded from proving any different extent of injury than that stated in the notice. Taking the language of the statute literally, if one were to state in the

notice that the injured person (who had died of his injury before the notice was served) had sustained a fracture of the skull, it would be necessary to further say "from which he died," as the "extent of the damages or injury" is not always fully stated when the character of the injury alone is mentioned. A fractured skull does not always result fatally. The statute seems to be more concerned with the extent than with the nature or character of the injury. Indeed, neither of these terms are used. Hence, this degree of particularity cannot be requisite to a substantial compliance.

We have examined the many cases to which the respondent has directed our attention and have looked into the statutes under which such cases arose. We find that in most instances where the notice was held insufficient on the ground that the nature of the injury was not stated with sufficient particularity, statutes were under consideration which required the character or nature of the injury to be stated, rather than the extent of it. In some cases, however, arising under statutes requiring the extent of the injury to be stated, notices were held insufficient either on the ground that they were not sufficiently specific in their reference to the injuries to indicate the extent or that the reference in the notice to particular injuries excluded other injuries known to exist at the time and for which it was later sought to recover damages. Brief references will suffice to indicate the character of the statutory requirements and suggest the distinction between the case at bar and those relied upon, bearing in mind that our statute requires the notice to state "the extent of the damages or injury."

In Maine the statute requires the claimant to set forth his claim for damages "specifying the nature of his injuries." Spear v. Westbrook, 104 Me. 496, 20 L.R.A.(N.S.) 804, 72 Atl. 311; Joy v. York, 99 Me. 237, 58 Atl. 1059. In Missouri, "the character and circumstances of the injury." Jacobs v. St. Joseph, 127 Mo. App. 669, 106 S. W. 1072. In Connecticut, "a general description of the same" (the injuries). Wood v. Stafford Springs, 74 Conn. 437, 51 Atl. 129. In New Hampshire, "a full description of his injuries, the extent of the same and the amount of damages claimed therefor." Noble v. Portsmouth, 67 N. H. 183, 30 Atl. 419. In Vermont the statute requires that the notice shall contain a "description of the injury" and, if bodily injuries are claimed, "the part of the body injured shall be stated with the ex-

tent and effect of the injury upon the health of the person so injured." Public Statutes of Vermont for 1906, § 4032. In Washington the statute requires the notice to "accurately describe the injury." See Dickie v. Centralia, 91 Wash. 467, 157 Pac. 1084.

In Georgia the notice is required to state the time, place and extent of such injury as near as practicable. In Macon v. Stringfield, 16 Ga. App. 480, 85 S. E. 684, the court held the notice must state the extent of the injury "pecuniarily" so as to afford a basis for determining whether or not settlement should be made.

There are likewise cases such as Ridgeway v. Escanaba, 154 Mich. 68, 117 N. W. 550, arising under a statute requiring the extent of the injury to be stated where the notice has been held insufficient to cover an injury not stated. But under such statute notice to the effect that the claimant sustained personal injuries is held insufficient. Miller v. Birmingham, 145 Mich. 470, 108 N. W. 1015.

In Diamond Rubber Co. v. Harryman, 41 Colo. 415, 15 L.R.A. (N.S.) 775, 92 Pac. 922, it is held that damages recoverable against a city are limited to those occasioned by the injury stated in the notice.

The statutes of Colorado and of Michigan resemble more closely the North Dakota statute, in that the notice is merely required to state the extent of the injury. In Denver v. Barron, 6 Colo. App. 72, 39 Pac. 989, the rationale of the requirement was discussed as follows (page 79): "None of the decisions require of the plaintiff impossibilities, or the performance of difficult and unusual things. It is only insisted that with reference to plain injuries and those which the laymen can easily locate, determine, and describe, he must set them down in his notice. Internal injuries, which he can neither diagnose nor describe otherwise than by his sensations, would probably be sufficiently stated if the sensations were given. In case of a broken bone, it would be enough to state that his leg, his arm, or his limb were fractured, without stating the kind and description of the fracture he had sustained; but wherever the trouble is readily appreciable and easily described, it must be stated in the notice, or else there can be no recovery for that particular injury. The difficulty in the present case comes from one matter which was proved as an element of the injury,—the miscarriage. Aside from this we can discover no insufficiency in the notice, but we are of the opinion that this matter should not have been permitted to

go to the jury. The reason of it is very plain. A married woman, who was the mother of two children, must have been well advised of the nature of her injury, and if she sustained this particular harm, the matter was well known to her long before her notice was served. It was plain to her mind and to her apprehension, and it is as easy of description as the statement that she had broken her arm or broken her leg. We therefore hold it was error for the court to admit testimony on this subject under the notice."

In Michigan, on the other hand, where the statute is apparently similar, the court gives a construction, relied upon by counsel for the respondent, as follows (Ridgeway v. Escanaba, supra, quoting from page 72 of the state report, 117 N. W. 551) :

"Counsel urge that no description of the injury was necessary under the language of the statute, which he says mentions the extent of the injury, but not the nature, and he argues that this refers only to the amount of his claim. We do not so understand the statute, unless it is to be practically emasculated by construction. We must say that the legislature intended to give to defendants in such cases some protection against unjust raids upon their treasuries by unscrupulous prosecution of trumped-up, exaggerated, and stale claims, by requiring a claimant to give definite information to the city or village against whom it is asserted, at a time when the matter is fresh, conditions unchanged, and witnesses thereto and to the accident within reach."

It must be borne in mind that this language was used in a case where a claim had been filed with the city for a dislocated and broken right shoulder blade and the claimant's testimony tended to prove that he had sustained a dislocated and broken left collar bone. So, the notice was wholly misleading.

It does not appear in the instant case that the person filing the claim had definite knowledge at the time as to the character of the injury received by the deceased and which caused his death. For aught that appears in the record the notice contains all of the information possessed at the time by the claimant and by the person filing the notice. If such a notice is bad under the statute, it would follow that an eyewitness to an accident upon the street, seeing a person fall over an obstruction and seeing him expire immediately afterward, could not properly verify a notice without calling to his aid a physician or other

skilled person to determine the character of the physical injury that had resulted in his sudden death. Yet the statute provides that, where the injured person has died, a person having knowledge of the facts may make the statement setting forth specifically the facts relating to the injury *as aforesaid,* "of which he has personal knowledge," and verify the statement either positively or to the best of his knowledge, information and belief. The notice in question apprised the city of a death claim and of the circumstances which, it is claimed, caused the death. If it were sought to recover damages for some physical injury short of death which was manifested within the period prescribed for filing a claim, the claim, of course, would be required to state the extent of the injury for which compensation is sought, and this could not well be done without some more specific reference to the injury than is contained in the notice in this case. We do not hold that a notice of personal injury is sufficient which merely states that the claimant has received internal and external or serious physical injury. We are of the opinion that the notice in the instant case, in so far as its contents are concerned, is a substantial compliance with the statute.

It is next contended that the notice could not properly be signed and verified by the son of the deceased; that the deceased was the only qualified person to give the notice. That part of the statute is relied upon which provides that in case it appears by the affidavit of a reputable physician that the person injured was rendered mentally incapable of making the statement during the time provided, the statement may be made within thirty days after such complainant becomes competent, and in case of the death of the injured person prior to his becoming competent that it may be made within thirty days after his death by any person having knowledge, etc. There was no affidavit of a reputable physician in the instant case. This portion of the statute must be given a reasonable construction. A person sustaining an injury serious enough to produce death within a few days thereafter would not be expected to concern himself with the matter of giving notice to a municipality which he might think responsible for his injury, even though his mind be perfectly clear. We think the statute, reasonably construed, means that the injured person has thirty days within which to give the notice, but if he is mentally incapable during the period and survives he has thirty days after regaining mental

capacity; but if he dies within the first thirty-day period, any person having knowledge of the facts may give the notice. Otherwise, the more seriously a person were injured, so long as he was not mentally incapacitated, the shorter the period within which he would be required to give notice.

Here, too, counsel rely upon cases arising in other jurisdictions where the statutes are essentially different. In Goodwin v. Fall River, 228 Mass. 529, 117 N. E. 796, the Massachusetts supreme judicial court had before it a statute which specifically provided that, if a person should die within the time required for giving notice, his executor or administrator might give the notice within thirty days after his appointment, and further that, if, "by reason of physical or mental incapacity, it is impossible for the person injured to give the notice within the time required, he may give it within ten days after such incapacity has been removed, and if he dies within the ten days his executor or administrator may give the notice within thirty days after his appointment." 1 Gen. Laws (Mass.) 1921, chap. 84, § 19. Obviously, a construction of such a statute in relation to an incapacity which would enlarge the time for giving a notice, can hardly be considered an authority for a construction of a different statute in circumstances where it is contended that the non-existence of mental incapacity for the short period an injured person survives reduces the time within which notice must be given.

Neither are we impressed by authorities which consider mental or physical incapacity to present a claim within the limited time prescribed where there is no statutory provision expressly recognizing the excuse. Ransom v. South Bend, 76 Wash. 396, 136 Pac. 365; Benson v. Seattle, 78 Wash. 541, 139 Pac. 501; Hall v. Spokane, 79 Wash. 303, 140 Pac. 348; Born v. Spokane, 27 Wash. 719, 68 Pac. 386; Ehrhardt v. Seattle, 33 Wash. 664, 74 Pac. 827. We cannot see in our statute a purpose or intention to restrict the filing of claims to a period short of thirty days where physical injury alone has been sustained serious enough to have resulted fatally within that time.

There is no merit in the contention that the notice was not "filed in the office of the city auditor." The notice was sent to the city auditor by registered mail. He received it and presented it to the city council. Durham v. Spokane, 27 Wash. 615, 68 Pac. 383. It was expressly

held in Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359, that the claim was presented to the mayor and the common council within the statute as it then read (Rev. Code 1899, §§ 2172 and 2173), when it was delivered to the mayor and to the city auditor. The subsequent amendment of the statute requiring the filing in the office of the city auditor does not, in our opinion, increase the burden upon the claimant, or at least not so appreciably as to invalidate a delivery to the proper officer by registered mail.

It follows from what has been said that the notice of claim should have been received in evidence as a prima facie compliance with condition precedent imposed by the statute. The judgment appealed from is therefore reversed and the cause remanded for a new trial.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.