## HANEY v. VILLAGE OF PINCKNEY.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—PERSONAL INJURIES—NOTICE OF CLAIM—SUFFICIENCY.

In an action against a municipal corporation for personal injuries caused by a defective sidewalk, a notice filed under section 2775, 1 Comp. Laws, as amended by Act No. 223, Pub. Acts 1899, and section 2754, 1 Comp. Laws, which includes an item for "permanent injuries" is sufficient to sustain a judgment for permanent injuries although no certain amount of such damages was claimed in the notice.

2. DAMAGES—PERMANENT INJURIES — EVIDENCE — MORTALITY TABLES.

If, in an action for personal injuries, the evidence shows permanent injuries, the admission in evidence of the mortality tables is both competent and relevant.

3. EVIDENCE—ADMISSIBILITY—MUNICIPAL CORPORATIONS—CLAIMS.
    The admission in evidence of testimony of a member of the
    village council to the effect that plaintiff's claim for personal
    injuries was presented in the council for allowance, that the
    claim was discussed informally, that some of the members
    were in favor of settling the claim and others opposed to it,
    and that the matter was then dropped, was competent as
    showing that the claim was presented, and the error in stat-
    ing the action taken by the council was cured by striking
    out that portion of the testimony.

4. SAME—CONCLUSIONS—APPEAL AND ERROR.
    The statement of a conclusion is not competent as evidence;
    but where the bill of exceptions does not indicate that all of
    the testimony given on the trial has been made a part of the
    record, it will be presumed that the verdict is supported by
    evidence of probative force, and the obviously uncertain
    statement complained of *held* not prejudicial.

Error to Livingston; Miner, J.    Submitted January
13, 1909.    ( Docket No. 79.)    Decided March 3, 1909.

Case by Mary Haney against the village of Pinckney for
personal injuries.    There was judgment for plaintiff,
and defendant brings error.    Affirmed.

*Louis E. Howlett*, for appellant.

*Richard D. Roche* (*Shields & Shields*, of counsel),
for appellee.

MCALVAY, J.    Plaintiff recovered a judgment against
defendant village for personal injuries, claimed to have
been received on account of defective sidewalk.    Upon
the trial no testimony was offered on the part of defend-
ant.    A new trial was asked and denied.    Defendant
seeks a reversal of the judgment, relying upon the follow-
ing errors assigned :

(*a*) That the plaintiff should not have been permitted to
recover for permanent injuries under the claim filed and
the pleadings.
(*b*) That a new trial should have been granted for the
same reason.

(c) That the court erred in receiving certain testimony.

The accident occurred April 22, 1906, while plaintiff and two young women, on their way home from church, were walking along a street of the village, when one of the young women stepped upon one end of a loose plank in the sidewalk, the other end of which tripped the plaintiff, causing her to fall, and injuring her. Plaintiff at the time of the trial was 63 years of age.

The first two errors relied upon may be considered together, as they both relate to the question of damages for permanent injuries. The determination of this question depends upon whether the notice plaintiff gave defendant under the statute was sufficient to allow evidence of damages for permanent injuries. The section of the statute referred to is section 2775, 1 Comp. Laws, as amended by Act No. 223, Pub. Acts 1899, which provides:

"No village * * * shall be liable in damages sustained by any person in such village, either to his person or property, by reason of any defective sidewalk * * * situated in such village unless such person shall serve or cause to be served within sixty days after such injury shall have occurred a notice in writing upon the clerk or deputy clerk of such village, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury as far as the same has become known, and that the person receiving such injury intends to hold such village liable for such damages as may have been sustained by him."

Within the time prescribed by this statute, plaintiff filed with the village clerk the following notice and claim:

"To the President and Common Council of the Village of Pinckney:

"You are hereby notified that on, to wit, the 22d day of April, A. D. 1906, at the village of Pinckney, in the county of Livingston and State of Michigan, while walking upon the sidewalk in front of the residence of George Reason's on the north side of Main street in the village of Pinckney in company with Miss Flora Culhane, a loose board in said walk upon one end of which Miss Culhane

had stepped, threw up, caught my feet and threw me heavily forward upon the sidewalk, by reason of which my limbs became black and blue, lame and sore, my neck and head were wrenched, and have ever since caused me great pain and suffering, and I have received certain internal injuries and injuries to my back, and that I intend to hold the village of Pinckney liable for all such damages as I have sustained by reason of the defective condition of the said sidewalk, and by reason of having fallen thereon while in such defective condition. My claim for damages for injuries sustained by me as above set forth, as far as known, is made up of the following items:

"For loss of time from April 22, 1906, to June 20,
    1906, 8 weeks at $6 per week...................... $48
To medical attendance................................ 34
To medicines........................................... 5
To bodily and mental pain and suffering........... 300
To permanent injuries.
· To attendance ...................................... 10
                                                     ─────
                                                     $397"

This notice was duly verified, and on the same date served upon the proper officer. The claim is that this notice was not sufficient to warrant a recovery for permanent injuries. It is urged that no *amount* was claimed in this notice for permanent injuries, and that plaintiff should have been limited in her recovery to the sum of $397, the total of the amounts of the items stated. This statute clearly recognizes that as to some injuries the damage cannot be stated exactly, but that the notice should state "the extent of the injury so far as the same has become known." An examination of this section of the statute satisfies us that it contains no requirement for a statement of the *amount* which it is claimed the village will be held liable to pay for damages sustained by reason of a defective sidewalk, nor is there any requirement that the claim of which notice may be given must be verified. Another section of the general village law (section 2754, 1 Comp. Laws) is relied upon as sustaining defendant's contention as to the requirements of this notice of claim. This section makes provision for auditing ordinary ac-

counts against a village, which must be certified or verified in a certain manner, with a further provision, as follows:

"And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the village for personal injuries or otherwise, that it has never been presented, certified to, or verified, as aforesaid to the council for allowance; or if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid and rejected for that reason; or that the action or proceeding was brought before the council has a reasonable time to investigate and pass upon it."

A provision in every respect like this, except the clause "for personal injuries or otherwise," contained in the charter of the city of Adrian, was construed by this court in the case of *Lay* v. *City of Adrian*, 75 Mich. 438. The court, in an opinion concurred in by all the justices sitting, held that this section was not intended to apply to claims for damages for personal injuries sustained by reason of the negligence of the municipality, for the reason that certain elements of damages in those cases cannot be made items of an account. Later this charter was amended to include all the provisions contained in section 2754, 1 Comp. Laws, under consideration. In *Davis* v. *City of Adrian*, 147 Mich. 300, the question of the sufficiency of the notice of a claim under this amended charter was before this court. The claim was not itemized, nor any amount stated for any part or the whole thereof; nor was it verified strictly as required. In the opinions written, all of the justices agreed that defendant had waived the question. Three concurred in an opinion which held the notice sufficient and which cited *Lay* v. *City of Adrian*, supra, with approval, and stated:

"After this decision the concluding sentences of the section were added. They should be construed in the light of this decision. The terms of the amendatory provision

are as inapt to indicate a purpose to require an itemized statement as were the original provisions. It is true the claim must be presented in the manner provided in the original act, but this can mean no more than that it shall be a verified statement of claim. When the statement itself is referred to, the requirements are not left in doubt. 'The place and circumstances out of which the claim arose shall be fully set forth therein.' "

It was recognized by the court that there were elements, in a claim for damages for personal injuries in negligence cases against municipalities, which could not be itemized in like manner as accounts for property or services furnished. In the case at bar, plaintiff did specifically itemize all the items which were known to her, which could be itemized, and verified the claim as required by the statute. She with particularity described the nature and extent of her injuries, including "internal injuries and injuries to my back." Among the items for which she made claim was one for "*permanent injuries.*" This was an item the amount of which was not liquidated, and could not be set down at a certain sum with any certainty. Our conclusion is that this claim gave notification of permanent injuries for which plaintiff intended to hold defendant liable and was sufficient under the statute. The court was not in error in permitting evidence upon the question of permanent injuries and in refusing to grant a new trial.

There was ample foundation established by evidence tending to show permanent injuries to make the introduction of the mortality tables both material and competent. It was therefore not error to admit them.

Within a short time after this claim was filed, a regular meeting of the village council occurred, at which no official action upon it was taken, and none in fact was ever taken. Plaintiff was permitted to show by a member of the council what occurred at this meeting relative to this claim. Defendant objected:

"That it was immaterial. It would have to be con-

fined to official action, something that should have been recorded."

The court admitted it "for the purpose of showing it was presented to the council, and that the council so understood it." The testimony detailed an informal conversation among the members of the council present, and stated that no action was taken. The witness further testified:

"*Q.* Can you give the substance of what was said and done about that claim at that time?

"*A.* We simply talked the matter over, and there was one or two for settling it. The balance was against it, and it was dropped there."

Defendant moved to strike out this answer. The court said:

"So far as saying who was against it, or for it, it may be stricken out."

Error is assigned upon these rulings. We think it was not error to allow plaintiff to show that in fact the claim was presented to the council. Section 2754 provides that the neglect to make presentation of such a claim is a sufficient defense to any action brought upon it. Whether filing a claim with a proper officer would fulfill this requirement we need not decide. At most this evidence would be cumulative. The court struck out the incompetent portion of the testimony.

Another error is claimed to have been committed in receiving and retaining the following testimony of Mr. Lavey, at whose house plaintiff remained for about four hours immediately after the injury:

"*Q.* State whether or not while she was at your place she made any exclamations of pain or statements as to pain she was then suffering.

"*A.* I think she did. I couldn't state what they were. I couldn't tell what she said. I couldn't remember."

The answer of this witness, "I think she did," was his conclusion and was improperly admitted. Taken with the

rest of his answer, it is vague and uncertain.  The certificate to the bill of exceptions does not indicate that all the testimony in the case, or all that is necessary to intelligently consider the question raised, is before us.  There is no claim of an excessive verdict if permanent injuries were properly considered.  The presumption therefore is that the verdict was supported by evidence of probative force.  In view of the absolute uncertainty of this objectionable testimony, we are constrained to hold that it was not prejudicial.

The judgment of the circuit court is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.