[Civ. No. 22506.   Second Dist., Div. Two.   Aug. 30, 1957.]

ELINOR FAYE STEED, Respondent, v. CITY OF LONG BEACH, Appellant.

Walhfred Jacobson, City Attorney, and John R. Nimocks, Deputy City Attorney, for Appellant.

Thomas D. Griffin for Respondent.

ASHBURN, J.—Plaintiff sued appellant city under the Public Liability Act (Gov. Code, §§ 53050-53056)[1] for personal injuries received as the result of a fall in a public parkway. She recovered judgment for $1,444.24 and costs, and defendant appeals. The only point raised here is that the form of claim filed by plaintiff was such that she was limited to recovery of $91.50, an amount which the city had expressed a willingness to pay.

The claim was made upon a form furnished by the city clerk. Plaintiff had no legal assistance in its preparation. So far as pertinent to the present discussion it reads:

"CITY CLERK

CITY HALL

LONG BEACH 2, CALIFORNIA

"I, ELINOR FAYE STEED OF 4225 EAST 14TH STREET, LONG BEACH 4, CALIFORNIA, AS PER INSTRUCTION DO HEREBY FILE CLAIM AGAINST THE CITY OF LONG BEACH, FOR DAMAGES DUE TO ACCIDENT I SUFFERED IN WHICH I STEPPED INTO A HOLE. . . . I PITCHED FORWARD FALLING INTO THE STREET. IN DOING SO I WRENCHED MY LEG MUSCLES, AND DISLOCATED MY NECK THROWING ONE VERTEBRA AT BASE OF SKULL TO THE RIGHT AND THE ONE BELOW TO THE LEFT. CAUSING PINCHED NERVES AND CONSTANT HEADACHES. ALSO THROWING VERTEBRAS IN BACK OFF ⅜ INCH. I SUFFERED SEVERE PAIN, AND HAVE BEEN UNDER DOCTORS CARE CONSTANTLY SINCE. I HAVE MISSED

---

[1] Gov. Code, § 53051: "*When local agency liable for injuries resulting from dangerous or defective condition of public property.* A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition: (a) Had knowledge or notice of the defective or dangerous condition. (b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

Gov. Code, § 53052: "*Claim for damages: Verification: Time for filing.* When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred."

Gov. Code, § 53053: "*Same: Form of claim.* The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received."

CONSIDERABLE TIME FROM WORK AND HAVE HAD TO HIRE A PART TIME HOUSEKEEPER TO TEND MY HOME.

THE DAMAGES I CLAIM ARE:

| | |
|---|---|
| DOCTOR | $51.50 To DATE |
| INCONVENIENCE | $20.00 |
| MENTAL SUFFERING | $20.00 |
| AGGRAVATE INJURIES | $ |
| TOTAL DAMAGES I CLAIM ARE | $91.50" |

The deputy city attorney in charge of the matter advised allowance of the claim by the city council in the sum of $91.50, and this was done. Thereupon plaintiff was advised by letter that the council had authorized payment of her claim in the sum of $91.50. A full release was enclosed for her signature and she was told that upon its receipt, duly executed, she would receive a warrant for said amount. About two weeks later respondent's present attorney telephoned the deputy city attorney saying that he represented this plaintiff, that she had incurred additional expenses and would file a supplemental claim. He was told to go ahead if so advised and the city would "consider it when, as and if." On June 7, 1954, long after the 90-day statutory period had expired, a supplemental claim was filed by plaintiff, saying in part: "I therefore claim damages in the following sums:

| | |
|---|---|
| DOCTOR AND MEDICAL EXPENSE | $ 167.50 |
| LOSS OF WAGES | 75.00 |
| GENERAL DAMAGES for pain suffered, etc. | 2000.00 |
| TOTAL DAMAGES | $2242.50" |

This claim was rejected and her attorney was advised by the city's attorney: "Briefly, it is our position that the original claim which Mrs. Steed filed on the last day for proper filing of claims, when approved for payment in full by the City Council, ripened into a contract for the settlement of this claim. We are today so advising the City Council and upon the additional ground that the so-called claim filed June 7, 1954, is filed too late to be of any value." Suit having been brought and the trial of the case having resulted in the above mentioned judgment the city appeals, claiming error in the court's entertaining the written claim as basis for any recovery in excess of $91.50.

Of course, the time for filing had expired long before the supplemental claim was presented, and as our statute contains no authority for the amendment or supplementing of a

claim after the expiration of the 90-day period, the judgment must stand or fall upon sufficiency of the original claim.

Plaintiff's explanation of the alleged defects in that document is found in her affidavit in opposition to motion for summary judgment which was received as evidence at the trial by stipulation: "That according to the instructions given to me by the City Clerk of the City of Long Beach, it was necessary for me to file a claim for injuries and damages sustained within 90 days from the time of said accident; therefore, on or about March 7, 1954, I filed a verified claim setting forth therein, to the best of my knowledge at that time, the amount of my damages, but in said claim, as set forth in Exhibit 'A' of defendant's affidavit, I stated that my doctor bills were $51.50, 'to date'; that under the item alleged therein entitled, 'aggrevated injuries,' I was unable to set any amount as I was not able to determine at that time, what my total aggravated injuries would be." "[T]hat at the time of filing my claim I was still suffering from the injuries that I had received and I had not fully recovered from said injuries; that subsequent to that time I have been under doctor's care and treatment for the injuries I had received in the accident alleged in my complaint; that I have incurred additional damages by way of loss of wages, pain and suffering, among other things. There was no way possible for me to determine, on the date of filing my verified claim, just what my injuries were, how long I would be disabled, and what my total medical expenses would be; therefore, in the filing of my claim, I asserted such claim for damages and itemized those specific claims which I had incurred, or had suffered up to that date; that as to the item of aggravated injuries, as hereinbefore stated, there was no possible way that I could have determined what aggravated damage or loss I might eventually suffer." Appellant's opening brief says, "[i]t was apparent at the outset that no lawyer had drawn it," the claim, and "[i]t is apparent to any lawyer that this is a layman's claim listing three items of non-compensable nature." The claim is not attacked as insufficient but is asserted to be limited to $91.50 and to operate as an offer which ripened into a contract when plantiff was notified that it had been approved and would be paid upon receipt of a "release of all claims."

Whether this is a claim limited to the sum of $91.50 depends upon the proper construction of the statute in the light of its recognized purpose which is to afford the city officials opportunity to make proper investigation of the ques-

tion of liability and to settle it without litigation if that be deemed expedient. (*Eastlick* v. *City of Los Angeles*, 29 Cal. 2d 661, 667 [177 P.2d 558, 170 A.L.R. 225].)

■ When there has been substantial compliance with the requirements of the statute the claim, though defective, must be treated as sufficient. "California courts have taken a reasonably liberal view of the claim statutes and . . . where a reasonable attempt is made to comply with the law in good faith and no intent to mislead or conceal appears the claim will be upheld in the absence of anything indicating that the municipality has been mislead, if the claim substantially conforms to the requirements of the statute." (*Perry* v. *City of San Diego*, 80 Cal.App.2d 166, 169 [181 P.2d 98].) "The rule of substantial compliance prevents the requirement of the impossible or absurd." (*Knight* v. *City of Los Angeles*, 26 Cal.2d 764, 767 [160 P.2d 779].) ■ Section 53053 of the statute says: "The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received." The call for "extent of the injuries or damages received" does not require an itemization of the several elements of damage. A charter provision which exacted this particularity was held invalid, for the field has been preempted by the Legislature. (*Eastlick* v. *City of Los Angeles, supra,* 29 Cal.2d 661, 666.)

■ Examination of this layman's document fairly reveals an intention to disclose the extent of the claim as far as that could be ascertained within the 90-day period for filing. The item "DOCTOR . . . . . . $51.50 To DATE" so indicates. The description of apparently serious injuries followed by "AGGRAVATE INJURIES . . . . . . $_____" attests an inability to make a present appraisal of the injuries and an apparent intent to do so when possible. True, "TOTAL DAMAGES I CLAIM ARE . . . . . . $91.50" has a tendency to offset this, but it is plain at a glance that this figure is the total of the three items above listed, $51.50, $20.00 and $20.00, and is a layman's best effort to adapt a claim of unknown proportions to a printed form furnished her by the city.

To some extent *Sullivan* v. *City & County of San Francisco,* 95 Cal.App.2d 745 [214 P.2d 82], furnishes the answer to the instant problem. ■ It establishes for this state the rule that a claimant is not limited in her complaint or trial to the amount specified in the claim as the damages for personal injury. In that case the claim was for $50,000. It was rejected and that sum was carried into the complaint. Leave

was later granted to amend the demand to $150,000 and this was done. The city's argument that this was error and that plaintiff was limited to the amount of the original claim was rejected, the court saying at page 764: "It seems too clear to require extended argument that, in a proper case, an injured person should not be limited arbitrarily to the amount of his claim. Such claims must be filed within a very short time after the accident. Many times, as in the instant case, the claim must be filed while the injured person is still in the hospital and before the extent of his injuries is known. If it were held that the injured person is absolutely limited to the amount of his claim filed before the injuries caused by the governmental agency have been definitely ascertained, grave injustices would necessarily result, as the instant case demonstrates. Moreover, it would result in lawyers always filing excessive claims, out of an abundance of caution, and thus tend to prevent the settlement of such claims—one of the major reasons for the requirement of filing the claim." At 765: "The claim provision is primarily aimed at permitting the governmental agency, at an early date, and before witnesses have disappeared, to investigate the facts and, if possible, to settle the controversy. The investigation having been made, and the claim rejected, suit may be filed, as in any case, for the total amount of damage. There was no error in permitting the amendment."

If a claim for damages specified at $50,000 will support a judgment for $125,000 (as in the Sullivan case, *supra*), it seems that a claim such as the one under consideration should have the same liberal treatment, that the failure to name a sum presently representing the amount of damages for pain and suffering and the like should not be held to rule that element of recovery out. This subject is annotated in 75 American Law Reports 1511 and 136 American Law Reports 1368. See also 38 American Jurisprudence, section 697, page 400; 63 Corpus Juris Secundum, section 925c(5), page 364.

In *Burdick* v. *Richmond*, 16 R.I. 502 [17 A. 917, 918], the sufficiency of the proof of claim arose under a statute which required "a particular account of his claim, debt, damages, or demand, and how incurred or contracted." The court said: "We do not think, however, that in a case like the present, in which the damages are unliquidated and, therefore, incapable of ascertainment by calculation, it is necessary that any amount should be stated."

*Hurley* v. *Town of Bingham*, 63 Utah 589 [228 P. 213, 214]:

"It would be a harsh rule indeed which would preclude a person who in good faith had attempted to comply with the statute from obtaining relief simply because at the time of presenting his claim he was not fully informed as to the extent of his injury. In such a case some latitude should be allowed by the court in allowing the excess demand. *Berger* v. *Salt Lake City, supra.* After all, as we conceive the purpose of the law, when the injured party has presented his claim stating the time, place, cause, and circumstances of his injury and the extent of his damages as far as known to him, he has fairly and fully complied with the spirit and intent of the statute."

*Haney* v. *Village of Pinckney,* 155 Mich. 656 [119 N.W. 1099], presents a persuasive analogy to the instant case, although it deals with a differently worded statute. It was there required that the claim " 'set forth substantially the time when, the place where, such injuries took place, the manner in which it occurred, and the extent of such injury as far as the same has become known and the person receiving such injury intends to hold such village liable for such damages as may be sustained by him.' " (P. 1100 [119 N.W.].) Of course, this statutory phrase, "the extent of such injury as far as the same has become known," is the substantial equivalent of the interpretation placed on our own statute by the Sullivan case, *supra.* In the Haney instance the claimant described her injury and said (p. 1101 [119 N.W.]) : "My claim for damages for injuries sustained by me as above set forth, as far as known, is made up of the following items:

For loss of time from April 22, 1906, to June 20,
    1906, 8 weeks at $6 per week..............$ 48
To medical attendance........................ 34
To medicines ............................... 5
To bodily and mental pain and suffering...... 300
To permanent injuries.
To attendance .............................. 10
                                                            $397"

The blank opposite "To permanent injuries" was the counterpart of respondent's "AGGRAVATE INJURIES . . . . . . $_____." It was argued that Haney had claimed no amount for permanent injuries and hence should be limited to the stated total of $397. Referring to an earlier Michigan case, the court said at page 1101 [119 N.W.] : "It was recog-

nized by the court that there were elements, in a claim for damages for personal injuries in negligence cases against municipalities, which could not be itemized in like manner as accounts for property or services furnished. In the case at bar, plaintiff did specifically itemize all the items which were known to her, which could be itemized, and verified the claim as required by the statute. She with particularity described the nature and extent of her injuries, including 'internal injuries and injuries to my back.' Among the items for which she made claim was one for 'permanent injuries.' This was an item the amount of which was not liquidated, and could not be set down at a certain sum with any certainty. Our conclusion is that this claim gave notification of permanent injuries for which plaintiff intended to hold defendant liable and was sufficient under the statute. The court was not in error in permitting evidence upon the question of permanent injuries and in refusing to grant a new trial." We consider this reasoning sound and adopt it as applicable to this case.

Appellant's counsel argue that a claim filed under the statute amounts to "an offer to contract, with a reasonable time to the offeree to accept such offer." Respondent pertinently replies: "To assert that a claim amounts to an offer would lead us to the absurd result that a claimant could only recover the amount of his damages suffered prior to the end of the ninety days period as prescribed by the Claims Statute." Cases cited in support of appellant's proposition are not persuasive. The only one which deals with a claim under a statute such as the California Public Liability Act is *Sharp* v. *City of Mauston*, 92 Wis. 629 [66 N.W. 803]. In that instance a claim for $500 was filed; the city ascertained that plaintiff would settle for $400 and adopted a resolution allowing the claim in that amount; but when plaintiff demanded issuance of a warrant the city officials declined to comply. Thereupon she sued upon the theory of contract. The court held there was a novation and plaintiff was entitled to recover the $400 upon the contract. The facts at bar require no such holding, for the city's so-called acceptance of plaintiff's offer placed a different meaning upon it from the one she intended, a fact which the city should have recognized. There was no meeting of the minds upon a settlement for $91.50.

*McConoughey* v. *Jackson*, 101 Cal. 265 [35 P. 863], a case not arising under the Public Liability Act, deals with a claim for services filed, an approval by the city board of trustees,

an order for issuance of a warrant for payment, a refusal by the president of the board and the city clerk. The court held that a contract had been made by mutual agreement upon the specific sum of $500, and that the city officials wrongfully refused to carry it out. The opinion adverts to the acceptance by the claimant of the board's action as completing the integration. Again we have a contrast with the instant case because there was no meeting of the minds here and plaintiff rejected the approval of the claim in the sum of $91.50, did so seasonably after learning of the construction placed on her claim by the city.

Appellant further argues that plaintiff is estopped to urge liability in excess of $91.50. Concerning the element of prejudice it is said: "Prejudice: Public record of admission of liability." It is also said: "If this Court decides that there was no justifiable reliance upon the claim as filed, then estoppel has not been proved." We do hold that the city was not justified in relying upon this claim as one for the limited amount of $91.50, or in treating it as such.

So far as concerns public admission of liability, there was no prejudice suffered by appellant. That admission followed an investigation of the facts and has been established after a full trial in which the judgment was rendered by the judge, the jury having been waived after motions for nonsuit were denied. The finding of liability is not challenged, merely the extent of same. It is true that plaintiff's attorney in his opening statement did tell the jury: "[T]hat the City Attorney's office recommended that the City Council pay Mrs. Steed the amount of her claim, $91.50, because in the opinion of the City Attorney's office, this was a dangerous and defective condition, and that it had existed for more than one year, and that therefore, under the law that the liability was resting with the City, and they should pay the claim." No objection or motion to strike was made at any time. When counsel for plaintiff was ready to offer in evidence the letter of the city attorney to the city council recommending payment he presented the matter in chambers; objections thereto were sustained and the matter was not brought before the jury again. The subsequent waiver of a jury cured any error there could have been in connection with this matter.

The judgment is affirmed.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.