**Barbara AUNE, Plaintiff and Appellant,**

v.

**CITY OF MANDAN, a municipal corpora-tion, Defendant and Respondent.**

Civ. No. 8532.

Supreme Court of North Dakota.

April 24, 1969.

Rehearing Denied May 27, 1969.

William R. Mills, Bismarck, for plaintiff and appellant.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for defendant and respondent.

PAULSON, Judge.

This is an appeal from an order issued by the District Court of Morton County, Judge C. F. Kelsch presiding, granting the defendant's, City of Mandan's, motion for permission to file an amended answer and the summary judgment of dismissal for the City of Mandan (hereinafter referred to as the City).

The appellant, Barbara Aune (hereinafter referred to as Barbara), was involved in an accident in the City of Mandan, North Dakota, on May 1, 1965. The accident allegedly resulted when Barbara drove her car into a washout on a city street. The record indicates that Barbara's husband contacted the office of the Mandan city auditor on the Monday following the accident to file a claim for damages and was informed that all claims were handled by the City's insurance company. He then proceeded directly to the insurance company's office and reported the accident. J. D. Paul, the insurance company's representative, on May 11, 1965, secured a statement from Barbara concerning the accident.

On June 25, 1965, Barbara's counsel submitted to the City of Mandan a 2-page document over his signature, containing a statement of alleged injuries to Barbara and of damages to her car.

On August 26, 1965, J. D. Paul notified Barbara's counsel that his investigation revealed no negligence on the part of the City and that any injury to Barbara resulted from her own negligence. An affidavit executed by Barbara's counsel stated that shortly after receipt of the letter from J. D. Paul, an unidentified representative of the insurance company, at an unspecified time, requested additional time in which to review the claim, since J. D. Paul had been discharged from his employment with the insurance company.

The record indicates that no further action was taken until October 5, 1966, when Barbara's counsel requested the City to act officially on the claim. On October 31, 1966, the City officially rejected the claim.

Barbara's counsel caused to be served a summons and complaint on the City on March 23, 1967, claiming negligence on the part of the City, resulting in Barbara's in-

juries and in property damage. The City answered on April 6, 1967, denying negligence and claiming that Barbara had failed to give proper notice and to file the necessary claim for damages required by § 40-42-01, N.D.C.C. A motion was made by the City on April 26, 1967, for permission to file an amended answer, which amended answer set forth the further defense that the action was not brought within the prescribed period pursuant to § 40-42-03, N.D.C.C.

The City made a motion for summary judgment on September 7, 1967. The trial court, after a hearing on both motions, granted the City's motion for permission to amend its answer and also granted the motion for summary judgment, on October 2, 1967. The summary judgment was entered on November 13, 1967. On November 30, 1967, Barbara appealed from the order granting permission to the City to amend its answer and from the summary judgment entered in favor of the City.

The City presented a motion to dismiss the appeal and oral argument on the motion for dismissal was had in this court on March 4, 1969. This court denied the motion to dismiss the appeal in an opinion issued on March 18, 1969 (Aune v. City of Mandan, 166 N.W.2d 559 (N.D.), and oral argument was had on the merits of the appeal on April 2, 1969.

On appeal, Barbara contends that the City should be estopped to claim the statute of limitations because the City participated in the delay and that the real party in interest was the insurance company, which should not benefit from governmental immunity; and that the duly elected City representatives cannot abdicate their judicial duties and delegate them to the insurance company. The City contends that at no time was there a signed and verified claim presented in proper form, pursuant to § 40-42-01, N.D.C.C., and that no action was instituted within the prescribed time pursuant to § 40-42-03, N.D.C.C., for commencement of such action.

Thus the first issue is whether or not the claim was sufficient to satisfy § 40-42-01, N.D.C.C., which reads:

"Any claim * * * shall be filed * * * within ninety days after the happening of such injury. Such claim shall be signed and verified by the claimant and shall describe the time, place, cause, and extent of the damage or injury, shall contain an abstract of the facts upon which the claim is based, and shall specify the amount of damages claimed therefor. * * *"

The record indicates, and Barbara's counsel candidly admitted in oral argument, that the claim made was not in strict compliance with the provisions of the statute, as it was not signed and verified by the claimant. Barbara's counsel contends, however, that the claim submitted over his signature would constitute substantial compliance with the provisions of § 40-42-01, N.D.C.C.

Statutory provisions requiring written notice to a governmental body within a short time after an injury are quite common. The purpose of this requirement is to enable the governmental body to investigate the circumstances of the injury when the evidence is fresh and the facts are still relatively clear in the minds of the parties and the witnesses. Knapp v. City of Omaha, 172 Neb. 78, 108 N.W.2d 419 (1961); Russell v. City of Minneapolis, 259 Minn. 355, 107 N.W.2d 711 (1961).

This court has held that the statute requiring notice be given is mandatory, and the presentation of a proper notice is a condition precedent to any recovery. Trost v. City of Casselton, 8 N.D. 534, 79 N.W. 1071 (1899). The record indicates that a claim of sorts was filed; however, the City contends the claim was not verified and does not comply with the statute. This court has further held, however, that the notice required in making or filing a claim is a remedial matter and the statutory provision should be liberally construed in favor of the claimant; however, there

must be a substantial compliance with the provisions of the statute. Hooge v. City of Milnor, 56 N.D. 285, 217 N.W. 163 (1927).

The courts have been more strict in regard to the statutory requirement of verification of a claim. It has been held by a number of courts that an unverified claim does not constitute substantial compliance with a statute requiring a verified claim. E. g., Whitson v. La Pay, 153 Cal.App.2d 584, 315 P.2d 45 (1957); Baker v. Cohen, 139 Cal.App.2d 842, 294 P.2d 518 (1956); Peterson v. Salt Lake City, 118 Utah 231, 221 P.2d 591 (1950); Merrifield v. Village of Paw Paw, 274 Mich. 550, 265 N.W. 461 (1936); 18 McQuillin, Municipal Corporations (3d ed. rev. Ellard 1963) § 53.164, p. 596. In Hoffman v. City of Palm Springs, 169 Cal.App.2d 645, 337 P.2d 521 (1959), the court stated that California followed the rule of substantial compliance and, where a reasonable attempt was made to comply with the law, it would suffice. In *Hoffman* a claim had been made by sending a letter to the City of Palm Springs, which letter had been signed by the injured party and her husband, and their signatures had been notarized by their attorney. The court held, however, that the claim was defective because there was no affidavit contained within the letter. The court also stated that the purpose of requiring verification is to ensure that false claims will not be made, and if a claim is verified and is false, the one making the claim may be indicted for perjury. Hoffman v. City of Palm Springs, *supra* at 337 P.2d 523–524.

In Montana v. Incorporated Village of Lynbrook, 23 A.D.2d 585, 256 N.Y.S.2d 651 (1965), a New York court stated that, in the absence of a showing of prejudice to the city because of claimant's failure to verify his claim, it would not be a fatal defect, as such verification could easily be supplied by amendment.

■ The major purpose of § 40–42–01, N.D.C.C., is to make known to the governmental body that an injury has occurred and thus give the governmental body an opportunity to investigate the accident. Based on the record in the instant case, the City was apprised of the injury and did conduct an investigation. Admittedly, the correct practice would have been to have had the claim verified. However, because of the disposition made of this case, it is not necessary to determine whether a proper claim was filed.

■ The determinative issue in the case at bar is whether the action is barred by the statute of limitations. Barbara appeals from the trial court's order allowing the City to amend its answer to include the defense of Barbara's failure to comply with the statute of limitations set forth in § 40–42–03, N.D.C.C. Rule 15(a) of the North Dakota Rules of Civil Procedure allows amendments to pleadings and states that such amendments shall be freely allowed when justice so requires, and this court has stated many times that the propriety of permitting an amendment to a pleading is a discretionary matter and the trial court will not be overruled except where such discretion is abused. E. g., Steuber v. Hastings Heating & Sheet Metal Co., 153 N.W.2d 804 (N.D.1967); J. R. Watkins Co. v. Vangen, 116 N.W.2d 641 (N.D.1962). A review of the record does not reveal that there was an abuse of discretion by the trial court and we therefore affirm the trial court's action in allowing the City to amend its answer.

Section 40–42–03, N.D.C.C., states:

"Time limitation on bringing of action. —No action shall be maintained on any claim mentioned in section 40–42–01 unless it is brought within six months after the filing of the claim * * *."

The City in its amended answer alleged that § 40–42–03, N.D.C.C., was an absolute bar to Barbara's action, as she did not bring the action within the six-month time limit specified. Barbara, however, contends that the City is estopped to plead the statute of limitations because of the alleged actions of its various agents or representa-

tives. The record includes an affidavit by Barbara's counsel that the accident happened on May 1, 1965, and that on or about May 19, 1965, the Mandan city attorney requested that any further action be held in abeyance until further investigation was made. Then Barbara's attorney submitted the claim referred to above on June 25, 1965. The affidavit further contains statements that an unnamed representative of the City's insurance company, on an unspecified date, had requested further time in which to study the claim because the insurance company's representative who first handled the claim had been discharged.

Barbara's counsel in his brief concedes that the Mandan city attorney has no recollection of a conversation with him regarding a delay in the proceedings. The record includes an affidavit by Richard Olson, who is branch claims manager for the City's insurer, in which he states that he was familiar with the claim and that after the letter from J. D. Paul, sent to Barbara's counsel, denying the claim on August 26, 1965, there had been no contact of any kind by Barbara's counsel with him or with any of his employees. There is an affidavit by Jerry Engel, who was the successor to J. D. Paul as claims representative for the insurer, who states that he has never had any duties assigned to him in connection with the file concerning Barbara's claim, and that he has never spoken to Barbara's counsel or anyone else with reference to the claim.

In regard to Barbara's contention of estoppel, § 31–11–06, N.D.C.C., provides:

"When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

This court has held that § 31–11–06 enacted into substantive law the equitable principle of estoppel. Neset v. Rudman, 74 N. W.2d 826 (N.D.1956).

In Gipson v. First National Bank of Bismarck, 97 N.W.2d 671 (N.D.1959), this court held that the burden of proof was on the party who contends that the other party has waived its rights to a statutory defense by its conduct and is thereby estopped to assert such a defense. See also Sioux City v. Johnson, 165 N.W.2d 762, 768 (Iowa 1969). Based on the record in the instant case, this court is of the opinion that Barbara has failed to prove that the alleged acts on which waiver and estoppel are based actually occurred.

Assuming that the record indicated that the alleged acts of the City's attorney and the insurance company's representative had occurred, it would not necessarily establish waiver and estoppel, since § 31–11–05(4), N.D.C.C., states:

"4. Anyone may waive the advantage of a law intended solely for his benefit, but a law established for a public reason cannot be contravened by a private agreement;"

This maxim merely codifies the proposition that private persons cannot waive the statutory rights given a municipality by legislative action and, in the instant case, Barbara could not rely on action allegedly taken by the City's attorney and the insurance company's representative.

The Minnesota Supreme Court has held that an isolated and unauthorized act by the city attorney could not be relied upon to establish waiver and estoppel as to a statutory defense or right granted the city. Johnson v. City of Chisholm, 222 Minn. 179, 24 N.W.2d 232, 236 (1946). Other courts have held that individual officers or agents of a city have no power to waive a right such as a statute of limitations and the basic reason given is that the statute provides protection for the taxpayers of the city whose money would be appropriated to pay the claims. Heck v. City of Knoxville, 249 Iowa 602, 88 N.W.2d 58, 63 (1958); Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W.2d 856 (1965).

■ There are a number of jurisdictions which hold that a municipality itself cannot waive compliance with a statute which a legislature has passed for the protection of the public. 18 McQuillin, Municipal Corporations (3d ed.rev. Ellard 1963) § 53.156. Thus, even if the alleged activities of the insurance company's representative and the City's attorney had been proven, their acts alone would not constitute a waiver of Barbara's failure to comply with the statute of limitations set forth in § 40–42–03, N.D.C.C. In addition, in the instant case, there was no concealment by the City of Barbara's cause of action, and, in fact, Barbara retained counsel very soon after the accident occurred. Certainly an experienced attorney, as distinguished from a lay claimant, should not have been deceived or lulled into a false sense of security, based on the alleged representation of the city officials, and thus fail to bring suit within the statutory period. Yarger v. City of Hastings, 375 Mich. 413, 134 N.W.2d 726 (1965).

■ North Dakota, like many jurisdictions, has a statute which provides that the filing of a claim is a condition precedent to the bringing of certain legal actions against a city. § 40–42–02, N.D.C.C., provides:

"No action shall be maintained * * for damages or injuries * * * unless it shall appear that the claim upon which the action is brought was filed * * *, *nor unless the governing body of the municipality did not audit and allow the same within sixty days thereafter.* * * *" [Emphasis added.]

The purpose of this statutory period delaying the commencement of an action after notice is given is to allow the governmental body time to investigate the case and possibly negotiate a settlement, rather than being subjected to the annoyance and expense of needless litigation. 38 Am.Jur., Municipal Corporations § 674, p. 383.

■ Barbara's counsel contended in oral argument that a formal rejection of the claim was necessary before suit could be brought pursuant to § 40–42–02. The above emphasized portion of § 40–42–02, however, clearly indicates that no formal rejection is needed. The claimant must assume that his claim has been rejected if no action is taken on his claim by the governing body within sixty days and, therefore, the claimant must then commence his action within six months from the automatic rejection date.

■ In applying this criterion to the instant case we find that the claim was filed on June 25, 1965, and that no formal action was taken by the governing board. Therefore, pursuant to § 40–42–02, N.D.C.C., the claim was automatically rejected sixty days after the claim was originally filed.

Section 40–42–03, N.D.C.C., states:

"No action shall be maintained * * unless it is brought within six months * * *."

In the instant case the six-month period would start to run on August 25, 1965. It would have been necessary for Barbara to commence her action prior to February 25, 1966, in order to comply with § 40–42–03, N.D.C.C. The record indicates that the summons and complaint were not served until March 23, 1967, and thus the claim is barred by the six-month statute of limitations set forth in § 40–42–03, N.D.C.C., since a period of nineteen months had elapsed from the time the claim was automatically rejected until the action was commenced. Because the action is barred by the statute of limitations, it is not necessary to consider the other contentions made by Barbara.

The order granting the defendant's motion to amend the City's answer and the summary judgment of the trial court are affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and STRUTZ, JJ., concur.