Melville SKOOG and Aetna Casualty and
Surety Company, Plaintiffs, Appellants
and Cross-Appellees,

v.

CITY OF GRAND FORKS, Defendant,
Appellee and Cross-Appellant.

Civ. No. 9803.

Supreme Court of North Dakota.

Jan. 29, 1981.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for Melvin Skoog, argued by Gordon W. Myerchin, Grand Forks.

Jay H. Fiedler, Asst. City Atty., Grand Forks, for City of Grand Forks.

SAND, Justice.

This is an appeal by the plaintiffs, Melville Skoog and Aetna Casualty and Surety Company [hereinafter referred to as Skoog], from a district court order reducing the prayer for relief in Skoog's complaint from $145,000.00 to $7,505.83. The defendant, City of Grand Forks, cross-appealed from part of the same order which denied its motion for summary judgment of dismissal.

Melville Skoog allegedly fell on a sidewalk in the city of Grand Forks on 20 Feb. 1974. Pursuant to § 40–42–01, North Dakota Century Code,[1] a notice of claim was filed on behalf of Skoog and Aetna Casualty and Surety Company with the city auditor of Grand Forks on 16 May 1974.

Skoog's notice of claim provides as follows:

"*TO THE CITY AUDITOR*, CITY OF GRAND FORKS, NORTH DAKOTA:

"This is to advise you that pursuant to Section 40–42–01 of the North Dakota Century Code I do hereby make formal claim and demand against the City of Grand Forks for injuries sustained and suffered by me on February 20, 1974, at approximately 7:00 p. m. on a public sidewalk which is on the east side of South Washington Street in the 600 block, approximately in the middle of the block and possibly near a fire hydrant. Said location is within the city limits of Grand Forks, North Dakota.

"My injury occurred because the city sidewalk was rendered unsafe, extremely dangerous, and icy due to the neglect of the city in failing to properly maintain the sidewalk in good condition for the use of the public.

"As a result of the negligence of the City of Grand Forks in failing to properly maintain the portion of the city sidewalk referred to herein, I tripped and fell on my left hip and sustained a severe fracture of the pelvic socket; that as a result of said fracture, I was transported by ambulance to the Deaconess Hospital in Grand Forks where I remained from February 20 through February 22 and was on that date transported by ambulance to St. Cloud Hospital, St. Cloud, Minnesota, under the care of Drs. Jaeger and Petersen from February 22 through May 11, 1974.

---

1. Chapter 40–42, NDCC, was repealed in 1977. However, the statute was in effect at the time of the injury and all parties have conceded that it governs this action.

   Section 40–42–01 provided as follows:
   "Claim against municipality for damages arising from defective streets, sidewalks, or bridges must be filed.——Any claim against a municipality for damages or injuries alleged to have arisen from the crosswalk, sidewalk, culvert, or bridge of the municipality or from the negligence of the municipal authorities in respect to any such street, sidewalk, crosswalk, culvert, or bridge, shall be filed in the office of the city auditor within ninety days after the happening of such injury. Such claim shall be signed and verified by the claimant and shall describe the time, place, cause, and extent of the damage or injury, shall contain an abstract of the facts upon which the claim is based, and shall specify the amount of damages claimed therefor. If it shall appear by the affidavit of a reputable physician that the injured person was rendered, by the injury complained of, mentally incapable of making the claim within the time specified in this section, the claim may be filed, if the claimant survives, within ninety days after the claimant becomes competent to make the same. The affidavit of the physician shall be prima facie evidence of mental incapacity, and may be controverted on the trial of an action for such damages. If the injured person shall die within ninety days after the happening of the injury, or before he shall become mentally competent to make the claim, the claim may be made within ninety days after the death of the injured person by any person having knowledge of the facts, and the person making such claim shall set forth therein specifically the facts relating to the injury of which he has personal knowledge and shall verify such facts positively. The facts of which the person making the claim has no personal knowledge shall be verified to the best of his knowledge, information, and belief."

I have incurred a hospital bill of approximately Six Thousand Four Hundred Thirty-eight and $^{43}/_{100}$ ($6,438.43) Dollars, an ambulance bill of Three Hundred Sixty-seven and $^{40}/_{100}$ ($367.40) Dollars, and doctor bills in the amount of Seven Hundred and $^{00}/_{100}$ ($700.00) Dollars. I have lost time from my employment. I have experienced pain and discomfort, lost time from my employment, sustained a loss of wages and will require further medical treatment in the future, the exact amount of which cannot be ascertained at this time. When I will be able to return to work is unknown.

"As a result of the foregoing facts, I do hereby respectfully place the City of Grand Forks on notice that I am claiming damages against the City of Grand Forks, North Dakota, in the sum of Seven Thousand Five Hundred Five and $^{83}/_{100}$ ($7,505.83) Dollars plus medical expenses and wage losses resulting from my injury." [2]

On 21 June 1974 Skoog was notified that the city of Grand Forks had denied his claim. This action was commenced with service of a summons and complaint on 19 Nov. 1974. Skoog's prayer for relief against the city of Grand Forks sought a total of $145,000.00 in damages. In its answer, the city of Grand Forks denied any negligence on its part, sought to dismiss the action because of a failure to comply with § 40–42–03, NDCC,[3] and, without admitting liability, sought to reduce the prayer for relief from $145,000.00 to $7,505.83 pursuant to § 40–42–04, NDCC.[4]

After a hearing on the city of Grand Forks' motion for summary judgment to dismiss Skoog's complaint and its alternative motion to reduce the prayer for relief, the district court entered an order denying the motion for summary judgment and reducing Skoog's prayer for relief to $7,505.83. The appeal and cross-appeal are from that order.

Skoog and the city of Grand Forks each have filed a motion to dismiss the other party's appeal. Thus, the first question for our determination is whether or not the appeal and cross-appeal are properly before us.

Skoog asserts that pursuant to § 28–27–02(5), NDCC, the district court order reducing his prayer for relief is reviewable. Section 28–27–02(5), NDCC, provides as follows:

"The following orders when made by the court may be carried to the supreme court:

.     .     .     .     .

"5.   An order which involves the merits of an action or some part thereof;"

We have previously considered orders striking parts of pleadings in the context of whether or not they involve the "merits of an action or some part thereof" and are therefore appealable. *Shermoen v. Lindsay*, 163 N.W.2d 738 (N.D.1968); *Granger v. Deaconess Hospital of Grand Forks*, 138 N.W.2d 443 (N.D.1965); *LaDuke v. E. W. Wylie Co.*, 77 N.D. 592, 44 N.W.2d 204 (1950); *Stimson v. Stimson*, 30 N.D. 78, 152 N.W. 132 (1915).

In *Shermoen v. Lindsay, supra* 163 N.W.2d at 741, we quoted the following with approval from *In Re Fettig's Estate*, 129 N.W.2d 823, 827 (N.D.1964):

---

**2.**  A copy of the notice of claim was entered on the record through a stipulation of counsel after oral argument in this case.

**3.**  Section 40–42–03, NDCC, provided as follows:

"Time limitation on bringing of action.—No action shall be maintained on any claim mentioned in section 40–02–01 unless it is brought within six months after the filing of the claim in the office of the city auditor."

**4.**  Section 40–42–04, NDCC, provided as follows:

"Proof on trial to conform to claim filed with municipality.—Upon the trial of an action for the recovery of damages by reason of an injury of the kind described in section 40–42–01, the claimant shall not be permitted to prove any time, place, cause, manner, or extent of the injury complained of differing from that specified in the claim filed with the municipality, *nor to recover damages in excess of the amount demanded in such claim.*" [Emphasis added.]

"In *Bolton v. Donavan*, 9 N.D. 575, 84 N.W. 357, this Court expanded upon the term 'merits' and held that the phrase 'involves the merits' must be so interpreted as to embrace orders which pass upon substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject matter in controversy."

In this instance the order prevents pleading or proving damages in excess of $7,505.83. *Cf., Shermoen v. Lindsay, supra* (order prevented either pleading or proving existence of liability insurance); *Granger v. Deaconess Hospital of Grand Forks, supra* (order prevented proving affirmative defense of charitable immunity).

■ Relying on these cases, and cases cited therein, we conclude that the district court's order reducing the amount in the prayer for relief is appealable because it limits the amount of possible recovery for Skoog which affects his substantial legal rights and thus involves the merits of an action.

We next consider Skoog's motion to dismiss the city of Grand Forks' cross-appeal from the denial of the city's motion for summary judgment.

■ The Legislature, through its enactments, specifies what orders are appealable. An order denying a motion for summary judgment has not been made appealable. *Becker v. Doubek*, 292 N.W.2d 72 (N.D.1980); *Rude v. Letnes*, 154 N.W.2d 380 (N.D.1967). Accordingly, the district court's order denying the city of Grand Forks' motion for a summary judgment is not appealable, and therefore the cross-appeal of the city of Grand Forks is dismissed.

We next turn to the merits of Skoog's appeal. Skoog contends that because of the uncertain nature of his injuries and the amount of some of his future damages, it was impossible for him to comply with the statutory requirement to specify his damages and still comply with the requirement that the notice of claim be verified. Skoog contends that substantial compliance with the statute is all that is required, and that

his notice of claim meets that requirement because it contains all the information known by him about his injury at the time of the filing of the claim.

The city of Grand Forks, however, argues that the question is not one of substantial compliance with the statute, but rather is a question of statutory interpretation. The city of Grand Forks contends that § 40–42–04, NDCC, is not ambiguous, and that the statutory language clearly directs that no damages may be recovered in excess of the amount demanded in the claim filed with the municipality.

Skoog cites several cases from other jurisdictions which allowed the awarding of damages in a greater amount than was demanded in the notice of claim. See 24 A.L.R.3d 965 (1969), and cases cited therein. The city of Grand Forks attempts to distinguish these cases by pointing out that although the statutes of the other jurisdictions are similar in many respects to our statute, none of the other statutes contain a provision such as North Dakota's statute which specifically provides that the claimant in an action "shall not be permitted . . . to recover damages in excess of the amount demanded in such claim." Our research does not reveal any statute similar in this respect to our statute. Consequently, these cases do not provide us with meaningful assistance in construing our statutory provision.

■ The Legislature has directed that statutory provisions be "construed liberally, with a view to effecting its objects and to promoting justice." Section 1–02–01, NDCC. In enacting a statute it is presumed that a just and reasonable result is intended. Section 1–02–38(3), NDCC. A statute must be construed to avoid ludicrous and absurd results. *State v. Mees*, 272 N.W.2d 61 (N.D.1978); *Apple Creek Township v. City of Bismarck*, 271 N.W.2d 583 (N.D.1978). Furthermore, words used in a statute are to be understood in their ordinary sense, § 1–02–02, NDCC, and the terms of a statute cannot be extended unreasonably even under a liberal construction. *City of Mayville v. Rosing*, 19 N.D.

98, 123 N.W. 393 (1909). However, when the wording of a statute is clear and free of all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1–02–05, NDCC.

We have observed that the notice required in making or filing a claim is of a remedial nature and the statutory provisions should be liberally construed in favor of the claimant; however, there must be substantial compliance with the statute. *Aune v. City of Mandan*, 167 N.W.2d 754 (N.D.1969); *Hoge v. City of Milnor*, 56 N.D. 285, 217 N.W. 163 (1927).

Keeping in mind the above statutory provisions, we must determine the intent, purposes, objectives and meaning of Ch. 40–42, NDCC, particularly the part providing that a claimant "shall not be permitted to prove any time, place, cause, manner, or extent of the injury complained of differing from that specified in the claim filed with the municipality, nor to recover damages in excess of the amount demanded in such claim." Section 40–42–04, NDCC.

In *Aune, supra* 167 N.W.2d at 758, we noted that the purpose of the claim "is to make known to the governmental body that an injury has occurred and thus give the governmental body an opportunity to investigate the accident." Other jurisdictions have similarly concluded that the objective of the notice of claim is to put the governmental body on notice so that an investigation of the facts can be conducted at an early date before witnesses have disappeared and, if possible, settle the controversy. *Steed v. City of Long Beach*, 153 Cal. App.2d 488, 315 P.2d 101 (Cal.1957); *Teryll v. City of Fairbault*, 84 Minn. 341, 87 N.W. 917 (1901).

It is beyond dispute that conditions may and do develop as a consequence of an injury that are not known at the time of the filing of a notice of claim. Furthermore, the extent of the injury and subsequent costs of treatment are not always known at the time of the filing of the notice of claim. A strict literal construction as contended by the city of Grand Forks would in effect limit any claimant to the specified

dollar damages that can be ascertained and *verified* within 90 days from the date of injury. This, in effect, would be a harsh rule and would preclude a person who had in good faith attempted to comply with the statute by filing a verified notice of claim from obtaining relief simply because at the time of filing his claim he was not fully informed as to the extent of the injuries and damages. Moreover, such a rule would encourage disrespect for the verification provision and would promote the filing of excessive claims, out of sheer over-caution, if not for bargaining purposes, and would tend to prevent settlement of claims, which is one of the major reasons for the filing requirements.

We believe the Legislature had in mind a more realistic and practical approach rather than a super-technical, if not an *impossible*, requirement in enacting Ch. 40–42, NDCC. We cannot accept as a fact that the legislative enactment was a mere charade to make it appear that valid claims could be filed and settled but in reality devised a procedure which would only accommodate injuries and claims in which the exact dollar amount can be determined within 90 days, and verified, but would otherwise effectively deny claims of extended disabilities and medical treatment.

With all this in mind, we cannot construe the statute so as to limit recovery for damages to only the exact dollar amount stated in the claim. We do not construe the statute to encompass only the specific dollar amount which can be readily verified at the time of the filing of the claim.

We construe it to include those damages resulting from the alleged negligence of the city which are reasonably certain to occur even though the exact dollar amount and precise period or nature of the disability resulting in wage loss cannot be precisely ascertained within 90 days from the date of injury, the period within which the claim must be filed. Nevertheless, the damages must be stated with sufficient precision without stating the exact dollar amount according to information reasonably availa-

ble at the time. This will give the city adequate notice to conduct its investigation. The circumstances of each case would be controlling. In this instance the stating of the dollar amount "plus medical expenses and wage losses resulting from the injury" was adequate because the true nature of the disability and resulting wage losses were not ascertainable and could not be verified.

We believe such a construction serves the overall purpose and objective of the notice of claim statute and puts the city on notice of future damages and at the same time will facilitate settlement, as well as being reasonable and fair to all concerned.

In this instance the notice of claim provided in the relevant part that Skoog was claiming the sum of "Seven Thousand Five Hundred Five and 88/100 ($7,505.83) Dollars *plus* medical expenses and wage losses" for his injuries. Thus, we believe that Skoog's prayer for relief should not be limited to $7,505.83 for medical expenses set out in the claim, but should also include any medical expenses which occurred after the filing of the notice of claim and his loss of wages.

We must, however, emphasize that Skoog's recovery, if any, is necessarily conditioned upon the court or jury finding the city was negligent and that such negligence was the proximate cause of the injury and resulting damages for which the city is liable. *Knorr v. K-Mart*, 300 N.W.2d 47 (N.D. 1980).

In this respect our construction of the statutory provisions relating to the recovery of damages does not apply to the negligence issue because the time, place, and conditions pertaining to, and the acts constituting, the negligence causing the injury, even though disputed, are more readily ascertainable, and do not depend upon future developments and passage of time. Consequently, the considerations, rationale and construction that had to be applied to the statutory provision relating to the recovery of damages resulting in not limiting the recovery of damages to the exact dollar amount stated in the notice of claim filed with the city do not apply.

The merits of the negligence issue, however, are not before us and we express no views thereon.

Accordingly, for the reasons stated in this opinion, the order of the district court reducing the prayer for relief is modified to include "medical expenses and wage losses" resulting from the injury, and the case is remanded for a trial on the merits unless the parties otherwise agree.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.